Filed 11/21/25  P. v. Duenas CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>SALVADOR DUENAS,<br><br>        Defendant and Appellant. | B343060<br><br>Los Angeles County<br>Super. Ct. No.<br>XNWPA100113 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gregory A. Dohi, Judge.  Affirmed.

Salvador Duenas, in pro. per.; and Naomi L. Svensson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Salvador Duenas appeals from his conviction by a jury of first degree residential burglary, person present, and assault with a deadly weapon, a knife. Duenas's counsel has asked us independently to review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

On the evening of March 18, 2023, Virginia M. went out with her neighbor and friend Destiny Galindo. Duenas—whom Virginia described as her "ex"—had picked up their two boys earlier. Virginia and Duenas were separated; he had moved out and was not living in Virginia's home.

Virginia received a text from Duenas that he was bringing the kids back. Virginia returned to her home around 2:25 a.m. (it was now the next day, March 19) and opened her door (which she had locked). The lights were off. She went into her bedroom and found Duenas "sitting there" on the couch.

Virginia and Duenas started arguing. Virginia told him to leave. Duenas took out his pocketknife, with the blade exposed, and put it on Virginia's neck. Galindo called 911. Duenas eventually left, but he came back, using a spare key he'd taken from the victim's home. He told Virginia, " 'Just to let you know, I took your money.' " Virginia found about $10,000 missing as well as her wedding ring and her spare house key.

Officers arrived around 3:00 a.m. Officer Eduardo Piche saw Duenas walking on the sidewalk toward a BMW. In Duenas's right front pocket, Piche found an eight-inch folding knife; the blade when opened was about four inches long. In the BMW Piche found $9,000 in cash.

Later that day—March 19, 2023—Officer Michael Bloomgren served Duenas with a restraining order.[1] About 10 days later, on March 29, 2023, Virginia was at the police station speaking with Officer Amado. Duenas called her on her cell phone.

The People charged Duenas with first degree residential burglary, person present (count 1) on March 18; assault with a deadly weapon, a knife (count 2) on March 19; and with violation of a domestic relations court order (count 3) on March 29. The named victim in counts 1 and 2 was Virginia M. The People alleged Duenas had a prior strike for criminal threats. The People also alleged four aggravating factors under rule 4.421 of the California Rules of Court.

The case went to trial in July 2024. Virginia did not appear for trial. After an evidentiary hearing, the trial court found her unavailable and her preliminary hearing testimony was read to the jury as former testimony. (See Evid. Code, § 1291.)

Duenas chose not to testify.

The jury convicted Duenas on counts 1 and 2. The jury acquitted him on count 3. Duenas waived jury on his strike prior and admitted it, so the court found it true. Duenas also admitted one aggravating circumstance—that he had previously served a term in prison—and the prosecution dismissed the remaining aggravating factors.

---

[1] Virginia got the restraining order on February 14, 2023, but authorities weren't able to serve Duenas with it until March 19, 2023.

At defense counsel's request, the court appointed Dr. Jack Rothberg to evaluate Duenas. On November 14, 2024, counsel filed a "Statement in Mitigation," attaching Rothberg's report, and a *Romero* motion[2] to strike Duenas's strike prior. The prosecution opposed the *Romero* motion. The court denied the motion. The court considered Rothberg's report, which stated Duenas had "some serious mental health issues." The court also acknowledged Duenas's history "include[d] a lot of trauma." But, the court observed, Duenas's strike prior for criminal threats was "not that remote in time," and the conduct in this case was "egregious"—"breaking into a home, crawling through a window, threatening somebody, assaulting somebody with a knife."

The court sentenced Duenas to eight years in the state prison. The court chose the midterm of four years on the residential burglary count, doubled because of the strike. On the assault with a deadly weapon count, the court chose the midterm of three years, also doubled. The court stayed the sentence on that count.

We appointed counsel to represent Duenas on appeal. After examining the record, counsel filed an opening brief asking this court independently to review the record under *Wende*, *supra*, 25 Cal.3d 436. Counsel stated she had "thoroughly reviewed the entire record on appeal in this case." "An attorney at the California Appellate Project ha[d] also reviewed the record." Counsel also had "discussed [Duenas's] case with trial counsel."

Counsel declared she had advised Duenas of her "evaluation of the record on appeal" and her "intention to file

---

[2]     *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

4

this pleading." Counsel also advised Duenas that he could "personally file a supplemental brief within 30 days in this case raising any issues which he wishe[d] to call to the Court's attention."

On August 7, 2025, Duenas filed a supplemental brief. He raises "six grounds for reversal." We address each in turn.

Duenas complains of the introduction into evidence of an "unserved restraining order." As noted, Officer Bloomgren testified he served Duenas with the restraining order on March 19, 2023 around 6:00 p.m. Count 3—violation of that restraining order—alleged an offense date of March 29, 2023. That was when Duenas called Virginia on her cell phone while she was at the police station. Accordingly, the restraining order was relevant and admissible evidence because it formed the basis for count 3.

Duenas asserts his retained counsel was constitutionally ineffective because he (1) "[f]ailed to object to the admission of the unserved restraining order," (2) "[f]ailed to request a limiting instruction or any cautionary guidance for the jury regarding prior bad acts evidence," (3) "[f]ailed to investigate and call available alibi witnesses or present other exculpatory evidence that could have bolstered the defense," and (4) "[f]ailed to present significant mitigating evidence during sentencing," such as "background or character evidence."

This contention is meritless. As we've said, the restraining order was admissible. As discussed below, no "prior bad acts evidence" was proffered or admitted. Duenas offers no hint of what "alibi witnesses" he's referring to. As noted, Officer Piche found Duenas outside the victim's home when he arrived around 3:00 a.m. on March 19. Plainly, Duenas wasn't somewhere else

that early morning.  And Duenas's retained counsel had the court appoint an expert, and presented a mitigation report to the court.

Duenas contends the trial court abused its discretion in denying his *Romero* motion.  Duenas argues his sentence was "draconian," "effectively a life term," and he was "[p]unished . . . as a third-striker."  Duenas is mistaken.  He was sentenced as a second striker.  And Duenas—born in 1995—was 29 years old when sentenced.  An eight-year sentence for someone who's 29 is not a "life term."  Moreover, the trial court did not abuse its discretion in denying the motion.  The court stated its reasons, and its ruling reflects the court's consideration of the relevant factors.

Duenas asserts the trial court abused its discretion in admitting "prejudicial prior domestic violence evidence" under Evidence Code section 1109.  Duenas provides no citation to the record.  (See *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115 [appellant must refer the reviewing court to the portion of the record that supports his contentions on appeal].)  The reporter's transcript contains no indication that the prosecution proffered, or the court admitted, any "prior domestic violence evidence" under Evidence Code section 1109.

Duenas contends the "cumulative effect of multiple trial errors" violated his due process rights.  As we have found no errors, we find no cumulative error.

Finally, Duenas claims there's "newly discovered evidence of actual innocence."  According to him, that "evidence" is "the victim's post-trial recantation of her trial testimony."  First, the victim didn't testify at trial.  Second, such "new evidence" cannot be raised on appeal.  Duenas must raise any such claim by a petition for a writ of habeas corpus.

We have conducted an independent review of the record and discern no arguable issues. We are satisfied Duenas's counsel has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *Wende, supra,* 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EGERTON, Acting P. J.

We concur:



ADAMS, J.



HANASONO, J.